1

The Honorable James L. Robart

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

AEROTEL, LTD.; AEROTEL U.S.A., INC.; and AEROTEL U.S.A., LLC,

NO. C07-1957JLR

10

Plaintiffs,

JOINT MOTION FOR ENTRY OF
SUMMARY JUDGMENT OF NON-
INFRINGEMENT AND STIPULATED
DISMISSAL WITHOUT PREJUDICE OF
DEFENDANT'S COUNTERCLAIMS

11

v.

12

T-MOBILE USA, INC.

13

Defendant.

NOTE ON MOTION CALENDAR:
January 22, 2010

14

15      The parties jointly stipulate and move the Court to enter summary judgment that T-

16   Mobile does not infringe Claim 23 of U.S. Patent No. 4,706,275 (the '275 patent).  The parties

17   further jointly stipulate and move that Defendant T-Mobile USA, Inc.'s counterclaims be

18   dismissed without prejudice so the Court can enter a final, appealable judgment of non-

19   infringement of the '275 patent.

20                          I.  STIPULATION

21      1. On December 6, 2007, plaintiffs Aerotel, Ltd., Aerotel U.S.A., Inc. and Aerotel

22   U.S.A., LLC ("Aerotel") filed a Complaint against defendant T-Mobile USA, Inc. ("T-

23   Mobile") alleging infringement of Claim 23 of the '275 Patent.  On February 11, 2008, T-

24   Mobile filed its Answer, Defenses and Counterclaims.

25

JOINT MOTION FOR ENTRY OF SUMMARY JUDGMENT OF
NON-INFRINGEMENT AND STIPULATED DISMISSAL
WITHOUT PREJUDICE OF DEFENDANT'S COUNTERCLAIMS - 1
(C07-1957JLR)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2727120.3

1    2.  On December 23, 2009, the Court entered an Order on Claim Construction, in which

2  various terms in Claim 23 of the '275 Patent were construed.  Aerotel now concedes, and T-

3  Mobile agrees, that under the Court's claim construction, Aerotel cannot prove the allegations

4  in the Complaint that T-Mobile infringed Claim 23 of the '275 Patent because certain claimed

5  elements (discussed in ¶¶ 3-9 hereinbelow) were absent from T-Mobile's prepaid telephone

6  service.

7    3.  The Court construed the phrase "dialing said special exchange" in step (c) of Claim

8  23 as meaning "the user enters the telephone number of the special exchange by dialing the

9  number on a telephone."  Under the Court's claim construction, Aerotel cannot show

10  infringement because the T-Mobile prepaid subscriber did not dial the telephone number of a

11  special exchange.

12    4.  In addition, because the Court's construction of the phrase "dialing said special

13  exchange" requires that "the user," meaning the calling party, "enter[] the telephone number of

14  the special exchange by dialing the number on a telephone," Aerotel cannot establish direct

15  infringement by T-Mobile of Claim 23 of the '275 Patent.

16    5.  In the Order on Claim Construction, the Court construed Claim 23 to require that the

17  steps of the method be performed sequentially in the order listed.  In Claim 23, the step of

18  inputting the special code and the number of the called party (step (d)) is listed after each of the

19  steps (a) through (c) recited below:

20        (a) issuing a valid special code to a calling party when a
          prepayment amount is deposited to the credit of said calling
21        party;

22        (b) storing the prepayment amount in a memory in a special
          exchange; and
23

24        (c) dialing said special exchange when the calling party wishes to
          make a telephone call to a called party.
25

JOINT MOTION FOR ENTRY OF SUMMARY JUDGMENT OF
NON-INFRINGEMENT AND STIPULATED DISMISSAL
WITHOUT PREJUDICE OF DEFENDANT'S COUNTERCLAIMS - 2
(C07-1957JLR)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2727120.3

1    Under the Court's claim construction Aerotel cannot show that in T-Mobile's prepaid

2    telephone service the step of inputting the special code was performed after at least step (c)

3    recited above.

4         6.  The Court construed "connecting the calling party to the called party only if the

5    special code inputted by the calling party is a valid special code" (step (e) in Claim 23) to mean

6    "that a call or a sequence of calls will not be connected unless the calling party first enters a

7    valid special code."  The Court further stated that "the patent contemplates that the code be

8    entered each time the caller connects to the special exchange." Under the Court's claim

9    construction, Aerotel cannot show that the step of inputting the special code was performed by

10    the T-Mobile prepaid subscriber each time he/she was connected to the special exchange.

11        7.  In addition, because the Court's construction of the phrase "inputting the special

12    code and the number of the called party" requires that "the calling party" enter the special code

13    and the telephone number of the called party, Aerotel cannot establish direct infringement by

14    T-Mobile of Claim 23 of the '275 Patent.

15        8.  The Court has construed the phrase "monitoring the running cost of the call" to

16    mean continuously calculating the cost of the call.  T-Mobile's Prepaid System does not

17    continuously calculate the cost of the call during the call.  Therefore, Aerotel cannot prove that

18    T-Mobile's Prepaid System performs the monitoring as construed by the Court.

19        9.  The Court construed Claim 23 to require that the deducting step (h) occur after the

20    disconnecting step (g) in Claim 23, and construed step (h) to mean "reducing the initial

21    prepayment amount by the running cost of the call at the end of the call".  Because T-Mobile's

22    Prepaid System deducted the running cost at time intervals during the call and at the end of the

23    call, Aerotel cannot demonstrate that the T-Mobile Prepaid System reduced the initial

24    prepayment amount by the running cost of the call at the end of the call.

25

JOINT MOTION FOR ENTRY OF SUMMARY JUDGMENT OF
NON-INFRINGEMENT AND STIPULATED DISMISSAL
WITHOUT PREJUDICE OF DEFENDANT'S COUNTERCLAIMS - 3
(C07-1957JLR)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2727120.3

1       10.   The parties agree that should Aerotel be permitted to reassert its infringement

2   claims, T-Mobile shall be permitted to reassert its dismissed counterclaims without motion to

3   the Court.  The parties further stipulate and agree that T-Mobile does not waive, and explicitly

4   preserves its right to make, non-infringement arguments that are not asserted in this joint

5   motion.

6       11.   The parties agree that this motion does not operate as a waiver of any right to

7   appeal.

8       12.   The parties agree that T-Mobile shall delay the filing of motions for costs and fees

9   until the later to occur of thirty (30) days after the entry of the final judgment contemplated by

10  this stipulation, or the entry of a mandate affirming the judgment of non-infringement.  The

11  parties agree that T-Mobile does not waive its opportunity to seek fees and costs by delaying

12  the filing of motions for fees and costs in this fashion and that Aerotel will not assert waiver or

13  non-entitlement to fees and costs based on failure to timely request such relief, providing that

14  T-Mobile files motions for fees and/or costs within the time limits contemplated by this

15  paragraph.

16      13.   Based upon the foregoing, the parties jointly move the Court to enter summary

17  judgment of non-infringement of the '275 Patent. The parties further jointly move and stipulate

18  that Defendant T-Mobile's counterclaims be dismissed without prejudice so the Court can enter

19  a final, appealable judgment of non-infringement of the '275 patent.

20      DATED this 22nd day of January, 2010.

21  s/John A. Knox, WSBA #12707                s/Shannon M. Jost, WSBA #32511
    Attorneys for Plaintiffs                  Attorneys for Defendant
22  WILLIAMS, KASTNER & GIBBS PLLC             STOKES LAWRENCE, PS
    601 Union Street, Suite 4100              800 Fifth Ave., Suite 4000
23  Seattle, WA  98101-2380                    Seattle, WA 98104-3179
    Telephone:  (206) 628-6600                206-626-6000
24  Email:  jknox@williamskastner.com         Shannon.jost@stokeslaw.com

25

JOINT MOTION FOR ENTRY OF SUMMARY JUDGMENT OF            **Williams, Kastner & Gibbs PLLC**
NON-INFRINGEMENT AND STIPULATED DISMISSAL               601 Union Street, Suite 4100
WITHOUT PREJUDICE OF DEFENDANT'S COUNTERCLAIMS - 4       Seattle, Washington 98101-2380
(C07-1957JLR)                                           (206) 628-6600

2727120.3

1

2

[PROPOSED] ORDER GRANTING JOINT MOTION FOR SUMMARY JUDGMENT OF
NON-INFRINGEMENT AND STIPULATED DISMISSAL WITHOUT PREJUDICE OF
DEFENDANT'S COUNTERCLAIMS

3    The parties jointly moved the Court for entry of summary judgment that T-Mobile does

4 not infringe Claim 23 of U.S. Patent 4,706,275 ("the '275 Patent"), and for dismissal without

5 prejudice of T-Mobile's counterclaims.  Based on the foregoing Joint Motion and Stipulation

6 of plaintiffs Aerotel, Ltd., Aerotel U.S.A., Inc. and Aerotel U.S.A., LLC ("Aerotel") and

7 defendant T-Mobile USA, Inc. ("T-Mobile"), the Court hereby Orders as follows:

8    1.  The Court GRANTS the parties' joint motion for Summary Judgment that T-Mobile

9 does not infringe Claim 23 of the '275 Patent;

10    2.  T-Mobile's counterclaims are dismissed without prejudice;

11    3.  The Court makes no adjudication with respect to and this judgment shall have no

12 effect on either the validity or enforceability of the '275 Patent;

13    4.  The Complaint in this action is dismissed with prejudice; and

14    5.  T-Mobile shall delay the filing of motions for costs and fees until the later to occur

15 of thirty (30) days after the entry of this final judgment, or the entry of a mandate affirming the

16 judgment of non-infringement.  T-Mobile shall not be deemed to have waived its opportunity

17 to seek fees and costs by failing to file motions for fees and/or costs within the time limits set

18 by Rule 54 of the Federal Rules of Civil Procedure and the Local Rules of this Court, providing

19 that T-Mobile files motions for fees and/or costs within the time limits contemplated by this

20 paragraph.

21    The Clerk of the Court is directed to forward copies of this Order to counsel of record.

22    DATED this ____ day of January, 2010.

23

24

25

_____
James L. Robart
UNITED STATES DISTRICT JUDGE

JOINT MOTION FOR ENTRY OF SUMMARY JUDGMENT OF
NON-INFRINGEMENT AND STIPULATED DISMISSAL
WITHOUT PREJUDICE OF DEFENDANT'S COUNTERCLAIMS - 5
(C07-1957JLR)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2727120.3

1 | PRESENTED BY:

2 | s/John A. Knox, WSBA #12707
Substituting Attorneys for Plaintiffs
3 | WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
4 | Seattle, WA  98101-2380
Telephone:  (206) 628-6600
5 | Fax:  (206) 628-6611
Email:  jknox@williamskastner.com

6

s/Shannon M. Jost, WSBA #32511
7 | Attorneys for Defendant
STOKES LAWRENCE, PS
8 | 800 Fifth Ave., Suite 4000
Seattle, WA 98104-3179
9 | 206-626-6000
Shannon.jost@stokeslaw.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JOINT MOTION FOR ENTRY OF SUMMARY JUDGMENT OF
NON-INFRINGEMENT AND STIPULATED DISMISSAL
WITHOUT PREJUDICE OF DEFENDANT'S COUNTERCLAIMS - 6
(C07-1957JLR)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2727120.3